THE WICHITA & WESTERN RAILWAY COMPANY v. HENRY HART.

**No. 263.**

RAILROADS—*Killing of Stock—Instructions.* Where an injury to stock resulted from the failure of a railway company to fence its right of way, and no evidence was introduced by the company tending to prove that a fence could not have been built and maintained at the point where the stock entered the right of way from a pasture which was enclosed, except as to part of it next to the right of way, it was not error for the court to refuse to give an instruction based on the impracticability of building such a fence. Case No. 262 between the same parties is followed as to other alleged errors.

Error from Kingman district court; W. O. BASHORE, judge. Opinion filed January 14, 1898. Affirmed.

*J. W. Gleed,* and *Fred. W. Bentley,* for plaintiff in error.

*W. M. Wallace,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In this case Henry Hart recovered a judgment based upon a verdict in the sum of eighty dollars damages and forty dollars as attorney's fees against the Wichita & Western Railway Company, for injuries alleged to have been done to a gelding, a mare and a young colt by the engine and cars of the company frightening the animals and causing them to run from the railroad track over and upon a stone embankment on the right of way of the railroad.   It was alleged that the animals came upon the right of way at a point where it was not fenced, from an enclosed pasture of plaintiff.

The case was pending in the district court at the same time that case No. 262, *Railway Co. v. Hart,* ante, p. 550, and a third case were pending between the same parties.   Defendant's motion to consolidate the cases was overruled.   For the reasons stated in case No. 262, *Railway Co. v. Hart,* supra, just decided, we hold that reversible error was not committed in overruling the motion.

It appears that for a long distance the right of way next to said pasture has never been fenced.   The Ninescah river runs close to the right of way at the south side of the pasture, which is north of the railroad, and a part of its nearest bank is riprapped at the right of way.

The evidence of plaintiff as to the character and extent of the damage and as to the exact manner in which it was done is not very satisfactory ; but none

was offered to contradict any feature of it except as to the extent of the damage. We discover no evidence tending to prove that the railway company could not have built and maintained a fence along the right of way next to the river, although the evidence indicates that if built occasional freshets might have carried part of it away. In the absence of evidence tending to prove the impracticability of building and maintaining a fence at the place mentioned, it was not error for the court to refuse to give the instruction asked for by the railway company upon that proposition.

As to the sufficiency of the demand, we refer to the decision in case No. 262. No other specification of error seems to require consideration. We think the verdict and judgment are sufficiently supported by the evidence to be allowed to stand. The judgment is affirmed.